**In re Jeanette DOW, Appellant.**

**No. 94–FM–505.**

District of Columbia Court of Appeals.

Submitted: June 13, 1995.
Decided: June 19, 1995.*

Patrick T. Hand, Washington, DC, filed a brief, for appellant.

Garland Pinkston, Jr., Acting Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, Janet L. Maher, Deputy Corporation Counsel, and Robin R. Smith, Assistant Corporation Counsel, Washington, DC, filed a brief, for appellee District of Columbia.

Before FERREN, STEADMAN, and SCHWELB, Associate Judges.

SCHWELB, Associate Judge:

Jeanette Dow appeals from an order of the trial court denying without a hearing her petition for an order directing her release from St. Elizabeths Hospital, to which she had been civilly committed. She contends that she was entitled to a hearing pursuant to the provisions of D.C.Code § 21–546(a) (1989). We affirm.

Section 21–546(a) provides in substance that a civil committee may petition the court for an order directing [her] release if, *inter alia,* "one or more of the physicians or qualified psychologists participating in the examination reports that the patient is not mentally ill to the extent that he is likely to injure himself or other persons if not hospitalized." Ms. Dow relies on the report of Dr. Daniel A. Kleiner, who wrote that Ms. Dow was doing well "with the support and structure of the ward," and that she "does not appear to present any danger to herself or

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on June 19, 1995. It is now being published by direction of the court.

others at present." Dr. Kleiner warned against Ms. Dow's release at that time, however, because she continued to need treatment for her "long history of substance abuse and psychiatric disturbance." Taken as a whole, Dr. Kleiner's report supports a finding that although Ms. Dow was not dangerous to herself or others *in a custodial setting,* this does not mean that she would not be dangerous in the event she were released. The trial judge correctly concluded that Dr. Kleiner's report did not entitle Ms. Dow to a hearing pursuant to § 21–546(a).

■ Ms. Dow also argues that the trial judge's decision denied her liberty without due process of law. Her counsel never brought this constitutional contention to the judge's attention in any way. Even if we assume that she may raise the issue for the first time on appeal,[1] her constitutional claim is altogether lacking in merit. Ms. Dow had a hearing when she was initially committed and again at the time that her outpatient status was revoked. She was also entitled to, and received, internal reviews by hospital physicians. D.C.Code § 21–548.

■ Ms. Dow states in her brief on appeal that "Appellant is *not* making a facial constitutional challenge to the relevant provisions of the Ervin Act." (Emphasis added). Because we have held that Dr. Kleiner's report was insufficient to trigger the requirement of a hearing under § 21–546(a), Ms. Dow is in no position to attack the validity of the Act as applied to her. In the light of that holding, she has proffered nothing which would arguably entitle her to release at the conclusion of the hearing. Given the presumption of constitutionality of legislative enactments, *Hornstein v. Barry,* 560 A.2d 530, 533–34 (D.C. 1989) (en banc), we conclude that the requirement that a patient support her petition with expert opinion is constitutionally sufficient, *see, e.g., Washington v. Harper,* 494

U.S. 210, 235, 110 S.Ct. 1028, 1044, 108 L.Ed.2d 178 (1990), and that it obviates the need for hearings which would serve no useful purpose. *In re Melton,* 597 A.2d 892, 908 (D.C.1991) (en banc).

*Affirmed.*[2]

---

1. Ms. Dow contends that her failure to raise the constitutional point in the trial court should be excused because, *inter alia,* she had no opportunity to raise it as there was no hearing. Ms. Dow could, of course, have presented the contention to the judge by appropriate motion.

2. If, as Ms. Dow apparently contends, Dr. Kleiner was or may have been of the opinion that Ms. Dow would not be dangerous to herself or others if released from her "structured setting" to outpatient status, her counsel was free to seek to obtain a statement to that effect from Dr. Kleiner.